MICHAEL L. TRACY, ESQ. (SBN 237779)
mtracy@michaeltracylaw.com
MEGAN ROSS HUTCHINS, ESQ. (SBN 227776)
mhutchins@michaeltracylaw.com
LAW OFFICES OF MICHAEL L. TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff MANUEL MURILLO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

| | |
|---|---|
| MANUEL MURILLO, an individual, on behalf of himself and all other similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC GAS & ELECTRIC COMPANY, a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>(1) **CLASS ACTION CLAIMS FOR UNPAID OVERTIME, BREAKS, IMPROPER PAY STUBS, WAITING TIME PENALTIES, AND UNFAIR BUSINESS PRACTICES;**<br>(2) **COLLECTIVE ACTION CLAIMS FOR UNPAID OVERTIME AND LIQUIDATED DAMAGES UNDER THE FLSA**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, MANUEL MURILLO, alleges:

## JURISDICTION

1. This Court has jurisdiction over this mater because this complaint alleges a federal question in that violations of 29 U.S.C. §201 et seq. are alleged.

2. This court has supplemental jurisdiction of all the State law claims under 28 U.S.C. § 1367(a). The State law claims are all related to the same facts – namely whether Plaintiff performed work and was not paid overtime wages and whether that failure to pay was willful. The failure to provide proper pay checks stubs is also directly related to the FLSA claims because Plaintiff is alleging that the pay check stubs are inaccurate because they did not list the overtime required by the FLSA. The waiting time penalty claim is

-1-
CLASS ACTION COMPLAINT

directly related to whether the failure to pay overtime required by the FLSA was willful. As such, all the claims make up the same case or controversy under Article III of the United States Constitution.

## GENERAL ALLEGATIONS

3. This Court is the proper court because Defendants do business in the County of Alameda, and because Defendants' obligations and liabilities arise therein, and because the work that was performed by Plaintiff in the County of Alameda is the subject of this action. Venue as to each defendant is proper in this judicial district.

4. This Complaint alleges two different types of actions. The first type is a Class Action brought pursuant to the F.R.C.P 23 for unpaid overtime, various other labor violations and illegal business practices on behalf of all California employees of Defendants. The second type is a Collective Action brought pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Collective Action is brought for federal overtime violations on behalf of all employees of Defendants who worked anywhere within the United States.

5. The true names and capacities of DOES 1 through 10 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and hereon alleges, that some such Doe defendants are residents of California.

6. Plaintiff is informed and believes that Defendants, each and all of them, at all times material hereto, were the joint employers, parent companies, successor companies, predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries, representatives, and/or coconspirators of each of the remaining Defendants. The Defendants, unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's damages as herein alleged.

## PARTIES

7. Plaintiff MANUEL MURILLO ("MURILLO") was employed by PACIFIC GAS & ELECTRIC COMPANY from February 5, 2006 through May 16, 2008.

8. Defendant, PACIFIC GAS & ELECTRIC COMPANY ("PG&E") is a California corporation doing business in the County of Alameda, State of California

9. MURILLO worked for PG&E as a meter reader. In this capacity, MURILLO would travel to customers of PG&E and record information from their utility meters.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Rules 23(a), (b)(1), and (b)(3). Plaintiff seeks to represent a class of all meter reads and who are currently employed or have been employed by defendants within the State of California who at any time four (4) years prior to the filing of this lawsuit: (1) worked more than 8 hours in a day or 40 hours in a week without being compensated at the proper premium rate, (2) worked more than five hours without a proper meal break, (3) received a pay check stub that did not accurately reflect all the information required by Labor Code §226, or (4) were willfully not paid all wages upon leaving employment with PG&E.

11. Plaintiff was required to underreport the number of hours that he worked for PG&E.

12. Plaintiff utilized an ITRON electronic meter reader as part of his job.

13. The ITRON device records the exact time and date which a meter is read.

14. Plaintiff has time which the ITRON device clearly shows that he was working for PG&E for which he was not paid by PG&E.

15. PG&E had a company wide policy that required employees to underreport their time for payroll purposes even though the ITRON devices clearly showed the employees were working.

16. Plaintiff was required to complete his route in the allotted amount of time, usually 8 hours. If he did not complete his route in this time, he was verbally reprimanded

or otherwise disciplined.

17. In order to finish his route within the allotted time, it was not possible for Plaintiff to take proper meal breaks. PG&E had a company wide policy that prevented meter readers from taking proper meal breaks.

18. PG&E had a company wide policy that required meter readers to remain on their assigned route during their meal break.

19. PG&E maintains a "Utility Operations" procedures document entitled "Meter Reader Work Practices and Policies." This document states that "The lunch period must be taken within the general route area." The manual also states that "Meter readers are forbidden to congregate without authorization. 'Congregate' is defined here as more than one employee or more than one vehicle being at the same location (for lunch, coffee, or any other reason)."

20. The PG&E maintains a "Utility Operations" procedures also states that "It is the meter reader's responsibility to launder and maintain his or her uniforms to ensure their cleanliness and neatness."

21. Plaintiff and class members incurred time and expenses in laundering and maintaining their uniforms for which they were not compensated.

22. Plaintiff proposes the following Class which will be referred to as the "California Off-The-Clock Class:"

> All persons who, from three years prior to the commencement of this action up to the time of judgment, worked as meter readers for PG&E who manually reported the number of hours that they worked and used the ITRON meter reader.

23. Plaintiff proposes the following Class which will be referred to as the "California Regular-Rate Class:"

> All persons who, from three years prior to the commencement of this action up to the time of judgment, worked as meter readers for PG&E and were paid a Hiring Hall Line Benefit Premium as part of their pay.

24. Plaintiff proposes the following Class which will be referred to as the "California Meal Break Class:"

> All person who, from three years prior to the commencement of this action up to the time of judgment, worked for PG&E within the State of California as a meter reader.

25. Plaintiff proposes the following Class which will be referred to as the "California Pay Stub Class:"

> All person who, from three years prior to the commencement of this action up to the time of judgment, worked as meter readers for PG&E who manually reported the number of hours that they worked and used the ITRON meter reader.

26. Plaintiff proposes the following Class which will be referred to as the "California Waiting Time Class:"

> All persons who are a member of either the California Off-The-Clock Class, the California-Regular-Rate Class, or the California Meal Break Class and who are no longer employed by PG&E.

27. Plaintiff proposes the following Class which will be referred to as the "California Uniform Class:"

> All persons who, from three years prior to the commencement of this action up to the time of judgment, worked within the State of California as meter readers for PG&E and who wore a uniform.

28. Plaintiff proposes the following Class which will be referred to as the "California Unfair Competition Class:"

> All persons who, from four years prior to the commencement of this action up to the time of judgment, worked within the State of California as meter readers for PG&E.

29. This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation

and the proposed class is easily ascertainable.

30. A Class Action is a superior method for bringing this action in that there is a well defined community of interest in the questions of law and fact. Questions of law and fact common to the class action include, but are not limited to:

    a. Whether PG&E failed and continues to fail to pay a proper overtime rate by requiring meter readers to report less work time than is reflected in the ITRON meter reading devices.

    b. Whether the "Hiring Hall Line Benefit Premium" should be included in the regular rate of pay for overtime purposes.

    c. Whether PG&E failed and continues to fail to allow and properly track meal breaks taken by employees.

    d. Whether the PG&E policy of not allowing employees to leave the route area or eat lunch with fellow employees constitutes an "on-duty" meal break.

    e. Whether PG&E's policy of requiring meter readers to complete a route in 8 hours that could not be completed if a 30 minute meal break is taken constitute and unlawful denial of the required meal period.

    f. Whether PG&E's pay check stubs comply with Labor Code §226 and whether employees would suffer injury in that the stubs are confusing and require significant work by the employee to determine how many hours they actually worked.

    g. Whether PG&E willfully refused and continues to refuse to pay employees whose employment with PG&E has been terminated all of their wages upon termination.

    h. Whether PG&E's requirement that uniforms be maintained by the employees violates Cal. Lab. Code § 2802.

31. Plaintiff and the Class Action Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject

to Defendants' illegal labor violations in their refusal to pay proper overtime, their refusal to properly pay for missed meal breaks, their refusal to provide adequate pay stubs, and their refusal to pay employees all of their wages upon termination.

32. The claims of the Plaintiff are typical of those of the class, and plaintiff will fairly and adequately represent the interests of the class.

33. The persons of this class are so numerous that the joinder of all such persons is impracticable and that disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. While the precise number of proposed class members has not yet been determined, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, over 1000 meter readers.

34. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Defendants.

35. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual member, including legal and factual issues relating to liability and damages.

36. Class action treatment will allow those similarly situated person to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

37. In the event that the Court determines at the notice stage or anytime thereafter that all plaintiffs and members of the class action, are not "similarly situated," the definition may be modified or narrowed, and/or appropriate subclasses may be established based on business unit or otherwise.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiffs bring the Fifth Cause of Action for violation of the Fair Labor Standards Act (hereinafter "FLSA") as a collective action pursuant to Section 16(b) of the

FLSA, 29 U.S.C. § 216(b), on behalf of all persons who are potential members of the California Off-The-Clock Class or the California Regular-Rate Class ("Collective Action Plaintiffs").

39. The Eighth Cause of Action for violations of the FLSA is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all violations of the FLSA.

40. A Collective Action is a superior method for bringing this action in that there is a well defined community of interest in the questions of law and fact. Questions of law and fact common to the collective action include, but are not limited to:

    a. Whether PG&E failed and continues to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. §201, *et seq.*

    b. Whether PG&E's policy and practice of failing to pay overtime pay to dispatchers was willful, within the meaning of the FLSA.

    c. Whether PG&E is subject to the provisions of the FLSA.

41. Plaintiff and the Collective Action Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' refusal to pay proper overtime in violation of the FLSA. The claims of the Plaintiff are typical of those of the class and plaintiff will fairly and adequately represent the interests of the class.

42. The persons of this class of are so numerous that the joinder of all such persons is impracticable and that disposition of their claims in a class action rather than in individual actions will benefit the parties and the court. In addition, each class member must give his or her permission to be represented in this action under the "opt-in" provisions of 29 U.S.C. §216(b).

43. In the event that the Court determines at the notice stage or anytime thereafter that all plaintiffs and members of the collective action, as defined above, are not "similarly situated," the definition may be modified or narrowed, and/or appropriate subclasses may be established based on business unit or otherwise.

# FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE

### (AGAINST PG&E and DOES 1-5)

44. Plaintiff MURILLO refers to and incorporates by reference Paragraphs 1 through 43.

45. This cause of action is brought against PG&E and DOES 1-5, jointly and individually.

46. This cause of action is brought individually by Plaintiff and on behalf of all similarly situated employees as defined in the California Off-The-Clock Class and the California Regular-Rate Class.

47. Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, §11040, for the period of Plaintiffs' employment, Defendants were required to compensate Plaintiffs for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

48. Plaintiff MURILLO worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

49. Plaintiff MURILLO was a non-exempt employee and entitled to the above overtime premiums. Defendants failed to compensate Plaintiffs for all overtime premiums.

50. Plaintiff MURILLO worked at least one pay period in which he was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

51. Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

52. Plaintiff MURILLO was paid a "Hiring Hall Line Benefit Premium" for each

hour that he worked. When he worked overtime that he reported to PG&E, he was paid for that overtime, but the Hiring Hall Line Benefit Premium was not computed in the regular rate of pay for purposes of overtime.

53. Plaintiff is informed and believes that all class members of the California Off-The-Clock Class and California Regular-Rate Class were similarly not paid proper overtime under Industrial Welfare Commission Order No. 4-2001.

54. Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of Regulations, Title 8, §11040, Plaintiff MURILLO and class members are entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE SECTION 512
## (AGAINST PG&E and DOES 1-5)

55. Plaintiff refers to and incorporates by reference Paragraphs 1 through 54.

56. This cause of action is brought against PG&E and DOES 1-5, jointly and individually.

57. This cause of action is brought individually by Plaintiff and on behalf of all similarly situated employees as defined in the California Meal Break Class.

58. Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, §11040, for the period of Plaintiffs' employment, Defendants were required to provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

59. Defendants failed to provide Plaintiffs a meal period for numerous days worked.

60. Defendants know or should know the dates for each missed meal period as well as the damages due.

61. Defendants failed to provide Plaintiff at least one meal period within the three (3) years prior to filing this lawsuit.

62. Plaintiff is informed and believes that all class members of the California Meal Break Class were similarly not provided proper meal breaks under Industrial Welfare Commission Order No. 4-2001 and Labor Code § 512.

63. Pursuant to Labor Code §512 and California Code of Regulations, Title 8, §11040, Plaintiff MURILLO and class member are entitled to recover one (1) hour of pay at the regular rate of compensation for each workday that the meal period was not provided.

64. Plaintiff MURILLO and class members pray for damages for missed meals in an amount subject to proof at time of trial.

## THIRD CAUSE OF ACTION

## FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED

## UNDER LABOR CODE SECTION 226

## (AGAINST PG&E and DOES 1-5)

65. Plaintiff refers to and incorporates by reference Paragraphs 1 through 64.

66. This cause of action is brought against PG&E and DOES 1-5, jointly and individually.

67. This cause of action is brought individually by Plaintiff and on behalf of all similarly situated employees as defined in the California Pay Stub Class.

68. Pursuant to Labor Code §226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

69. Defendants knowingly and intentionally furnished Plaintiff pay stubs that did not accurately reflect all the information required by Labor Code § 226.

70. Plaintiff and class members suffered injury from the lack of proper information on the pay stubs provided by Defendants.

71. Plaintiff suffered injury under this cause of action within a period of one (1) year prior to the initiation of this lawsuit.

72. Pursuant to Labor Code §226(e) and (g), Plaintiffs pray for judgment against

Defendants in an amount subject to proof at trial plus costs and attorney fees.

## FOURTH CAUSE OF ACTION

## WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203

## (AGAINST PG&E and DOES 1-5)

73. Plaintiff refers to and incorporates by reference Paragraphs 1 through 72.

74. This cause of action is brought against PG&E and DOES 1-5, jointly and individually.

75. This cause of action is brought individually by Plaintiff and on behalf of all similarly situated employees as defined in the California Waiting Time Class.

76. Plaintiff's employment with Defendants was terminated on May 16, 2008.

77. Defendants willfully refused and continue to refuse to pay Plaintiff MURILLO unpaid wages as required by Labor Code §203. Defendants know that the pay is due and are refusing to pay it.

78. Plaintiff MURILLO is informed and believes that other employees were similarly treated in that they were not properly paid all their overtime wages upon termination.

79. Plaintiffs requests damages and penalties as provided by Labor Code §203.

## FIFTH CAUSE OF ACTION

## OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 and §216

## (AGAINST ALL DEFENDANTS)

80. Plaintiff refers to and incorporates by reference Paragraphs 1 through 79.

81. This cause of action is against all Defendants, jointly and individually.

82. This cause of action is brought individually by Plaintiff and on behalf of all similarly situated employees as defined in the Collective Action Plaintiffs.

83. Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal

1 additional amount as liquidated damages, as well as costs and attorney's fees.

84. Plaintiff and class members worked numerous weeks in excess of forty (40) hours.

85. Plaintiff and class members were non-exempt employees and entitled to the above overtime premiums. Defendants failed to compensate Plaintiffs for any overtime premiums.

86. This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. §216(b).

87. Plaintiff worked at least one week in which proper overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

88. Defendant PG&E was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

89. DOES 1-10 were the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

90. Defendants' violations of 29 U.S.C. §207 were willful and intentional.

91. Plaintiff and collective action members' claims for overtime wages are covered under the First Cause of Action. Plaintiff and collective action members are only requesting liquidated damages under this cause of action, as separate and distinct damages.

92. Plaintiff and collective action members pray for costs and attorney's fees.

## SIXTH CAUSE OF ACTION
## FAILURE TO INDEMNIFY
## LABOR CODE SECTION 2802
## (AGAINST PG&E and DOES 1-5)

93. Plaintiff MURILLO refers to and incorporates by reference Paragraphs 1 through 92.

94. This cause of action is brought against PG&E and DOES 1-5, jointly and

individually.

95. This cause of action is brought individually by Plaintiff and on behalf of all similarly situated employees as defined in the California Uniform Class

96. Defendants required Plaintiff and class members to maintain their own uniforms. Plaintiff and class members had to expend time and money cleaning and maintaining these uniforms.

97. California Code of Regulations, Title 8, §11040 specifically states that "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer." Defendants violated this by having a policy that required the meter readers to maintain their own uniforms.

98. Plaintiff and class members pray for indemnification under Labor Code § 2802 for all time and expenses that were expended in maintaining their uniforms.

## SEVENTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200

## (AGAINST PG&E and DOES 1-5)

99. Plaintiff MURILLO refers to and incorporates by reference Paragraphs 1 through 98.

100. This cause of action is brought against PG&E and DOES 1-5, jointly and individually.

101. This cause of action is brought individually by Plaintiff and on behalf of all similarly situated employees as defined in the California Unfair Competition Class

102. By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et. seq.

103. By failing to provided adequate meal breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et. seq.

104. By requiring employees to maintain their own uniform, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et. seq.

105. Plaintiff and class members pray for restitution, relief, and disgorgement of all illegal profits under this Cause of Action in an amount subject to proof at time of trial, costs and attorneys fees.

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the action as a class action on behalf of the proposed classes.

2. Designation of this action as a collective action on behalf of the Collective Action Plaintiffs and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In class, and a tolling of the statute of limitations on the claims of all members of the FLSA Opt-In Class from the date the original complaint was filed until the class members are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as plaintiffs.

3. For damages in the amount of unpaid overtime not paid to each member of the Class for at least (4) years prior to the filing of this action.

4. For liquidated damages under the FLSA.

5. For damages in the amount of each Class Members hourly wage for each missed meal or rest period for at least four (4) years prior to the filing of this action.

6. For damages pursuant to Cal. Lab. Code § 226 for each pay period in which a proper pay stub was not provided.

7. For damages and penalties pursuant to Cal. Lab. Code § 203 for all Class Members no longer employed by Defendant.

8. For indemnification for all expenses required to maintain the employees' uniforms.

9. For restitution and disgorgement for unfair business practices pursuant to Cal. B&P Code § 17200.

10. For costs of suit.

11. For attorney fees.

12. For interest on any applicable amounts.

13. For other such and further relief as this Court may deem proper and just.

DATED: August 20, 2008        LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiff
MANUEL MURILLO

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial.

DATED: August 20, 2008        LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiff
MANUEL MURILLO

-16-
CLASS ACTION COMPLAINT