UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MANUEL MURILLO, an individual,
on behalf of himself and all
others similarly situated,

        NO. CIV. 08-1974 WBS GGH

        Plaintiffs,

   v.               ORDER RE: MOTION TO STRIKE

PACIFIC GAS & ELECTRIC
COMPANY, a California
corporation; and DOES 1
through 10, inclusive,

        Defendants.
_____/

----oo0oo----

      Plaintiff Manuel Murillo brought this action against
defendant Pacific Gas & Electric Company alleging several
violations of state and federal labor laws. Presently before the
court is plaintiff's motion to strike certain portions of
defendant's Answer to the First Amended Complaint pursuant to
Federal Rule of Civil Procedure 12(f).

///

1

I. <u>Factual and Procedural Background</u>

Plaintiff filed a Complaint against defendant containing two types of claims: (1) a putative class action alleging violations of the California Labor Code, the California Business and Professions Code, and Orders of California's Industrial Welfare Commission ("IWC"); and (2) a putative collective action pursuant to section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), alleging violations of federal labor laws. Subsequently, plaintiff filed a First Amended Complaint ("FAC"), which added a third claim under California's Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2699, for the recovery of civil penalties due to alleged violations of the California Labor Code and Orders of the IWC. Defendant filed its Answer to the FAC on December 22, 2008. (Docket No. 17.)

Plaintiff now moves to strike the following statements from defendant's Answer to the FAC pursuant to Federal Rule of Civil Procedure 12(f):

> Defendant specifically denies that 25% of any penalties recovered by "aggrieved" employees [pursuant to PAGA] are "paid to Plaintiff" himself. The express language of the statute provides that 25% of the penalties recovered shall be paid "<u>to the aggrieved employees</u>."

(Answer to FAC 8:26-9:1.)

> Defendant alleges that this suit may not be maintained as a representative action under [PAGA] because such actions may not be maintained on behalf of un-named Plaintiffs, and the other so-called aggrieved employees are not named in the Complaint.

(<u>Id.</u> at 23:6-9.)

> Defendant respectfully reserves the right to amend its Answer to add any applicable defenses revealed during any later proceedings in this case.

(<u>Id.</u> at 23:16-17.)

Defendant respectfully reserves the right to amend its Answer to account for any new statutory or decisional law which arises during the pendency of this action.

(Id. at 23:18-19.)

II. Discussion

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Alcaraz v. Wachovia Mortgage, FSB, No. 08-1640, 2009 WL 160308, at *10 (E.D. Cal. Jan. 21, 2009) (O'Neill, J.) (quoting Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983)). "Despite the functions they serve," however, "motions to strike are regarded with disfavor . . . because of the policy favoring resolution on the merits." Judge William W. Schwarzer et al., Practice Guide: Federal Civil Procedure Before Trial [hereinafter Schwarzer et al., Practice Guide] § 9:375 (Nat'l ed. 2008) (citing, inter alia, RDF Media Ltd. v. Fox Broad. Co., 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005); Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996)).

Plaintiff moves to strike four statements from defendant's Answer to the FAC. The first is defendant's assertion that any recovery plaintiff obtains on behalf of himself and other aggrieved employees under PAGA will not be rewarded exclusively to plaintiff, but will be allocated to each aggrieved employee. (Mot. Strike 1:24-2:2 (citing Answer to FAC 8:24-9:1).) The second statement, which is contained in

3

defendant's twenty-sixth affirmative defense, asserts that plaintiff's PAGA claim may not be pursued on behalf of unnamed plaintiffs. (Id. (citing Answer to FAC 23:7-8).) Plaintiff maintains that these statements are "immaterial and irrelevant." (Id. at 1:28, 2:7.)

Under Rule 12(f), a statement is "immaterial" if it "has no essential or important relationship to the claim for relief or defenses pleaded." Alcaraz, 2009 WL 160308, at *10 (citing Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994)); see Schwarzer et al., Practice Guide § 9:386 ("'Immaterial' means the matter has no bearing on the controversy before the court.").

Here, the aforementioned statements in the Answer to the FAC clearly bear an "important relationship" to this litigation; if correct, defendant's assertions could drastically alter the manner in which plaintiff must prosecute his PAGA action. However, although plaintiff's motion to strike describes defendant's statements as "immaterial," the thrust of the motion appears to contend they these statements should be struck as "insufficient defenses." (See Mot. Strike 2:1-2 ("The statute requires that this money be paid to Mr. Murillo and there is no defense that he is not entitled to this money."); id. at 4:17-19 (arguing that PAGA "gives an employee the right to sue for all labor violations . . . for all employees who suffered them and no class standing or certification need be met").)

To strike an insufficient defense, "the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of

circumstances could the defense succeed." <u>Ganley v. County of</u>
<u>San Mateo</u>, No. 06-3923, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22,
2007); <u>accord</u> <u>E.E.O.C. v. Bay Ridge Toyota, Inc.</u>, 327 F. Supp. 2d
167, 170 (E.D.N.Y. 2004); <u>see</u> 5C Charles Alan Wright & Arthur R.
Miller, <u>Federal Practice and Procedure</u> § 1381 (3d ed. 2008)
("[E]ven when the defense seems to present a purely legal
question, federal courts are very reluctant to determine disputed
or substantial issues of law on a motion to strike.").

Although plaintiff's motion to strike does not raise
any factual issues, the legal issues he presents regarding PAGA
are far from clear or undisputed; indeed, as plaintiff appears to
acknowledge, his motion to strike presents a "novel" question of
California state law. (Reply 4.) At this time, the court is
aware of only one published California case that directly
addresses whether a suit under PAGA may be maintained by a single
plaintiff on behalf other aggrieved employees without undergoing
class certification, and that case is currently on appeal before
the California Supreme Court. <u>See</u> <u>Arias v. Superior Court</u>, 63
Cal. Rptr. 3d 272, 278-79 (Ct. App.), <u>review granted</u>, 169 P.3d
882 (2007).

In <u>Arias</u>, the defendant argued that it was "hornbook
law that a named plaintiff cannot recover on behalf of an unnamed
non-party without pursuing the claims as a class action." <u>Id.</u> at
279. Further, the defendant contended that "because aggrieved
employees are entitled to 25 percent of any penalty [under PAGA]
. . . class action procedures are required to ensure that no
absent class member is deprived of the opportunity to
independently press his claim." <u>Id.</u> The Third District Court of

5

Appeal, however, rejected these arguments, and held that "[b]oth the language of the PAGA and the express intent of the Legislature indicate that an aggrieved employee may bring an action on behalf of other employees without complying with the requirements of a class action."[1] Id. at 279. The Court of Appeal also instructed that "[t]he 25 percent portion of the penalty not payable to the Labor and Workforce Development Agency is payable not to the employee named as a party, but to the 'aggrieved employees.'" (citing Cal. Lab. Code § 2699(I)). Id.

While many district courts have held that "[c]lose or new questions of law should not be resolved on a motion to strike," Mohegan Tribe v. Connecticut, 528 F. Supp. 1359, 1362 (D. Conn. 1982), this court has found no persuasive justification for this apothegm. Pure questions of law, whether novel or undisputed, may properly be resolved by a court on a motion to strike, for no amount of discovery or factual development will influence the outcome. Cf. William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984) (holding that a district court improperly granted a motion to

---

[1]  In an unpublished decision, the Second District Court of Appeal arrived at the same conclusion. See Sinlinding v. Unified Staffing Solutions, Inc., Nos. B194344, B194899, 2008 WL 134904, at *8-10 (Cal. Ct. App. Jan. 15, 2008). However, in Deleon v. Verizon Wireless, 88 Cal. Rptr. 3d 29 (2008), the Second District Court of Appeal appears to undercut some of the reasoning that supported the holding of Arias. Compare Arias, 63 Cal. Rptr. 3d at 279 ("[A]n action under the PAGA is not for the purpose of recovering damages, but only for the recovery of a civil penalty. It does not preclude an employee from pursuing any other claim he may have available under law."), with Deleon, 88 Cal. Rptr. 3d at 38 (holding that "aggrieved employees" who settled an unfair competition claim against their employer were precluded from bringing a subsequent enforcement action under PAGA).

strike where the law was "confused and unsettled" and "further facts must be obtained"). Consequently, the court agrees with the observation that "despite the difference in nomenclature, . . . the standards for a Rule 12(f) motion to strike and a Rule 12(b)(6) motion to dismiss are 'mirror image[s].'" <u>Breedlove v. Cabou</u>, 296 F. Supp. 2d 253, 274 (N.D.N.Y. 2003) (quoting <u>Canadian St. Regis Band of Mohawk Indians v. New York</u>, 278 F. Supp. 2d 313, 332 (N.D.N.Y. 2003)) (alteration in original). Because courts routinely decide complex and novel legal issues on motions to dismiss, the novelty of a legal question should not alone serve as a defense to a motion to strike. <u>See, e.g.</u>, <u>Ryder Truck Rental, Inc. v. Acton Foodservices Corp.</u>, 554 F. Supp. 277, 279 (C.D. Cal. 1983); <u>In re Equity Funding Corp. of Am. Sec. Litig.</u>, 438 F. Supp. 1303, 1318 (C.D. Cal. 1977) (discussing the resolution of a motion to dismiss that raised "a plethora of novel and complex procedural and substantive issues").

Nonetheless, although the avoidance of deciding a novel legal issue--standing alone--is not a satisfactory reason to deny a motion to strike, the impending resolution of the PAGA issues in this case by the California Supreme Court in <u>Arias</u> ultimately counsels against deciding plaintiff's motion to strike at this time.[2] Although the parties are uncertain as to when <u>Arias</u> will

---

[2] Defense counsel indicated at oral argument that the California Supreme Court may not directly address the question of whether only named plaintiffs are entitled to recover civil penalties under PAGA. Nonetheless, the California Supreme Court's resolution of the primary issue of whether a PAGA suit on behalf of aggrieved employees must proceed as a class action is likely to touch upon how any recovery should be distributed. Indeed, in order to determine whether certain fiduciary and due-process considerations counseled in favor of class certification

be decided, the case is currently fully briefed before the
California Supreme Court, and a decision may very well be issued
during the instant proceedings.[3] Under these circumstances, it
would be imprudent for this court to venture its own
interpretation of state law unless it became absolutely
necessary. See, e.g., United Mine Workers v. Gibbs, 383 U.S.
715, 726 (1966) ("Needless decisions of state law should be
avoided as a matter of comity . . . ."); Alaska Airlines, Inc. v.
United Airlines, Inc., 902 F.2d 1400, 1405 (9th Cir. 1990)
(certifying novel, determinative issues of state law for
determination by the state supreme court); 28 U.S.C. § 1367(c)(1)
(allowing a court to refuse supplemental jurisdiction over claims
presenting novel issues of state law); see also BMW of N. Am.,
Inc. v. Gore, 517 U.S. 559, 577 (1996) ("[O]nly state courts may
authoritatively construe state statutes.").

Accordingly, the court will deny plaintiff's motion to
strike with respect to the issues involving PAGA at this time.
If the California Supreme Court subsequently alters the way in

under PAGA, the Third District Court of Appeal in Arias discussed
how civil penalties would be distributed. See 63 Cal. Rptr. 3d
at 279. The briefs currently before the California Supreme Court
also discuss this issue. See Brief of Respondent at 22, Arias v.
Superior Court, 169 P.3d 882 (Cal. Mar. 11, 2008) (No. S155965),
2008 WL 1862575; Reply Brief of Petitioner at 16-19, Arias v.
Superior Court, 169 P.3d 882 (Cal. Apr. 1, 2008) (No. S155965),
2008 WL 1962463.

[3] The California Supreme Court granted review of Arias on
October 10, 2007. Presently, the California Supreme Court's
website indicates that the case has been "fully briefed," but the
Court has yet to set a date for oral argument. See California
Appellate Courts Case Information: Supreme Court, Arias v.
Superior Court, http://appellatecases.courtinfo.ca.gov/search/
case/mainCaseScreen.cfm?dist=0&doc_id=488730&doc_no=S155965 (last
visited March 5, 2009).

which plaintiff must pursue his PAGA action, plaintiff may move to modify the court's Status (Pretrial Scheduling) Order. <u>See</u> Fed. R. Civ. P. 16(b)(4). Otherwise, the court will postpone addressing these issues until their resolution becomes imperative to the just administration of this proceeding. <u>Cf.</u> <u>Sheet Metal</u> <u>Workers Int'l Ass'n Local Union No. 162 v. B.J. Heating & Air</u> <u>Conditioning</u>, 695 F. Supp. 485, 488 (E.D. Cal. 1987) (Garcia, J.) (postponing decision on a defendant's motion to strike certain evidence until after the plaintiff had an opportunity to prove related preliminary allegations).

Finally, plaintiff also moves to strike two instances in which defendant "respectfully reserves the right to amend its Answer [to the FAC]." (Mot. Strike 2:10-22; <u>see</u> Answer to FAC 23:14-19.) Since the time to amend the Answer to the FAC as a matter of course has expired, defendant may only do so with plaintiff's written consent or the court's leave. <u>See</u> Fed. R. Civ. P. 15(a)(2). Accordingly, the court will grant plaintiff's motion to strike with respect to these statements in the Answer to the FAC.

IT IS THEREFORE ORDERED that plaintiff's motion to strike be, and the same hereby is, GRANTED with respect to the following language in the Answer to the First Amended Complaint:

> Defendant respectfully reserves the right to amend its Answer to add any applicable defenses revealed during any later proceedings in this case.

(Answer to FAC 23:16-17.)

> Defendant respectfully reserves the right to amend its Answer to account for any new statutory or decisional law which arises during the pendency of this action.

(<u>Id.</u> at 23:18-19.)

1        IT IS FURTHER ORDERED that plaintiff's motion to strike

2   be, and the same hereby is, DENIED in all other respects.

3   DATED:  March 9, 2009

4

5   _____

6   WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28