MICHAEL L. TRACY, ESQ. (SBN 237779)
mtracy@michaeltracylaw.com
MEGAN ROSS HUTCHINS, ESQ. (SBN 227776)
mhutchins@michaeltracylaw.com
LAW OFFICES OF MICHAEL L. TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiffs
MANUEL MURILLO

# UNITED STATE DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| MANUEL MURILLO, an individual, on behalf of himself and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC GAS & ELECTRIC COMPANY, a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:08-01974 WBS GGH<br><br>JUDGE:   Hon. William B. Schubb<br><br>**MOTION FOR PRELIMINARY CERTIFICATION OF A CONDITIONAL SETTLEMENT CLASS**<br><br>DATE:   February 16, 2010<br>TIME:    2:00 p.m. |

To all PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on February 16, 2010 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Department 5 of the United States District Court for the Eastern District of California, 501 I Street, Suite 4-200, Sacramento, CA 95814, Plaintiff MANUEL MURILLO will, and hereby does, move the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and Section 216(b) of the Fair Labor Standards Act ("Section 216(b)"), for preliminary approval of the settlement ("Settlement") and certification of a conditional settlement class as set forth in the Stipulation and Agreement of Settlement ("Settlement Stipulation") between Plaintiff MANUEL

MOTION FOR PRELIMINARY CERTIFICATION OF A CONDITIONAL SETTLEMENT CLASS

1  MURILLO and Defendant PACIFIC GAS & ELECTRIC COMPANY.

3  DATED:  January 25, 2010          LAW OFFICES OF MICHAEL L. TRACY

6                                   By:    _____/s/_____
7                                          MEGAN ROSS HUTCHINS, Attorney for
8                                          Plaintiff MANUEL MURILLO

MOTION FOR PRELIMINARY CERTIFICATION OF A CONDITIONAL SETTLEMENT CLASS

## I. MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff MANUEL MURILLO ("Murillo"), on behalf of himself and all those similarly situated (collectively, "Plaintiffs"), moves for preliminary approval of the settlement ("Settlement") and certification of a conditional settlement class as set forth in the Class Action Settlement Agreement And Stipulation ("Settlement Agreemeent") between Plaintiff MANUEL MURILLO ("Plaintiff") and Defendant PACIFIC GAS AND ELECTRIC COMPANY ("Defendant" or "PG&E").  The Settlement Agreement, served concurrently herewith, contains a more detailed discussion of the law and facts at issue.

### A. INTRODUCTION AND SUMMARY OF DISPUTE

On August 20, 2008, Murillo filed a Complaint in the U.S. District Court for the Eastern District of California against PG&E on behalf of himself and certain past and present Hiring Hall Meter Reader employees of PG&E.  In July 2009, Murillo filed his Second Amended Complaint ("SAC"), withdrawing several previously asserted causes of action.

Murillo's SAC narrows the liability-related issues to: (i) whether PG&E failed to properly calculate Plaintiffs' overtime premiums in accordance with the FLSA; and (ii) whether PG&E failed to include all required information in Plaintiffs' paychecks.  In brief, Murillo alleges that PG&E miscalculated the overtime pay to which Plaintiffs were entitled under the federal Fair Labor Standards Act ("FLSA"), resulting in underpayments during certain pay periods.  Specifically, Murillo alleges that PG&E miscalculated the overtime payments due to Hiring Hall Meter Readers by failing to include the Hiring Hall Line Benefit Premium in Hiring Hall Meter Readers' base rate of pay, when calculating Hiring Hall Meter Readers' overtime pay.  Murillo further alleges that PG&E failed to include all required information on the paychecks of Hiring Hall Meter Readers. Murillo alleges that he and other Hiring Hall Meter Readers are entitled to unpaid overtime, as well as liquidated damages, attorneys' fees and costs, and certain penalties under the California Labor Code.

MOTION FOR PRELIMINARY CERTIFICATION OF A CONDITIONAL SETTLEMENT CLASS

PG&E denies any and all liability, including allegations that it failed to correctly compensate employees or that it is liable to Plaintiffs for violations of the FLSA. Specifically, PG&E denies that it is liable for any unpaid (or underpaid) overtime, and further denies that Plaintiff is entitled to any damages or penalties under California law. Moreover, PG&E argues that any arguable FLSA liability is offset by payments PG&E made to Meter Readers that were not required by the FLSA.

The parties agreed that the FLSA requires employers to pay an overtime rate for hours worked *over* 40 in a week. *See* 29 U.S.C. § 207(a). However, the FLSA does not require employers to pay an overtime rate for hours worked *below* 40 in a week. If an employer pays an overtime rate for hours worked below 40 in a week, the employer may subtract such non-mandatory "extra compensation" payments from the overtime amount it otherwise owes to employees. *See* 29 U.S.C. § 207(e)(5)-(7); *Kohlheim v. Glynn County*, 915 F.2d 1473, 1481 (11th Cir. 1990). Despite not being required to do so by the FLSA, PG&E pays Hiring Hall Meter Readers an overtime rate for, among other things, all weekend and holiday hours worked. Therefore, arguable underpayments for FLSA-required overtime are offset by PG&E's overpayments for overtime *not* mandated by the FLSA.

To illustrate, consider a Meter Reader who works 42 hours in a week, working six of those hours on a Sunday. In that situation, the FLSA requires PG&E to pay for two hours of overtime, because the FLSA only requires overtime pay for hours over 40 in a week. However, PG&E paid Meter Readers overtime pay for all hours worked on a Sunday. Consequently, PG&E would pay the Meter Reader for six hours of overtime pay. PG&E is entitled to offset any underpayment resulting from the two hours of (arguably) miscalculated overtime by the four hours of "extra compensation" payments resulting from non-mandatory overtime pay.

MOTION FOR PRELIMINARY CERTIFICATION OF A CONDITIONAL SETTLEMENT CLASS

The parties agreed that the FLSA entitled PG&E to this offset, but ultimately disagreed as to the *scope* of the offset. Plaintiff argued that PG&E could only offset its overtime liability within each pay period ("Per Pay Period Offset"). PG&E argued that it was entitled to offset its overtime liability for the entire period of relevance to the lawsuit ("Entire Period Offset"). (These two offsets are discussed fully in the Paragraphs 36, 37 and 47-49 of the Settlement Agreement.)

On October 6, 2009, after approximately 14 months of litigation, the parties discussed settlement of their dispute with a neutral third-party mediator, Lester Levy. Based on the relative strengths and weaknesses of their legal arguments, the parties ultimately reached a compromise, and agreed to settle the lawsuit on a classwide basis. The settlement includes a payment to all eligible individuals who elect to participate in the settlement of this lawsuit. This payment is based on a formula developed by the parties during the October 6, 2009 mediation. The formula reflects the parties' compromise as to the scope of the offset to which PG&E is entitled. Although the precise formula will depend on the number of individuals who ultimately participate in this lawsuit, each Meter Reader who participate will receive an amount, as overtime wages, roughly equal to the midpoint (i.e., average) between what he/she may have been due under the Entire Period Offset versus what he/she may have been due under the Per Pay Period Offset. Moreover, the formula reflects the parties' compromise over whether PG&E is liable for any liquidated damages under the FLSA, or other damages or penalties under California law – based on a compromise whereby PG&E agrees to pay half of the maximum amount of liquidated damages that could possibly be obtained.

**B.     SUMMARY OF SETTLEMENT AGREEMENT**

The parties agree that a fair compromise would result from adopting a middle ground between the Per Pay Period Offset and the Entire Period Offset, and paying each

Collective Action Class Member 50% of the maximum amount of liquidated damages available. The Parties agree to carry out this compromise by multiplying the amount of overtime arguably due under the Per Pay Period Offset by a Settlement Discount Percentage, such that the maximum total amount due to the Stipulated Class would be equal to $450,000 of Exhibit 1 of the Declaration of Megan Ross Hutchins filed concurrently herewith. PG&E further agrees not to oppose Murillo's and Class Counsel's request for up to $150,000 (collectively) in attorneys' fees, costs and an Enhancement Award. Murillo and Class Counsel agree not to seek an award of attorneys' fees, costs and an Enhancement Award which, together, total more than $150,000.

The Parties agree that PG&E will assume the actual and financial responsibility for the administration of the settlement, the details of which administration are set forth in the attached Settlement Agreement.

### C.   THE PROPOSED SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

Class Counsel has investigated the facts relating to the Action. Class Counsel is of the opinion that the Settlement is fair, reasonable, and adequate, and in the best interest of the Stipulated Class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted on the merits, offsets for "extra compensation," the class and/or collective action status of this action, and the numerous potential appellate issues. While PG&E specifically denies any liability in the Action, PG&E has agreed to enter into this Settlement to avoid the cost and business disruption associated with defending the Action.

Murillo and PG&E believe that this is a fair, reasonable and adequate Settlement and have arrived at this Settlement through arms-length negotiations, including use of Mr. Lester Levy, as mediator, in arriving at the maximum settlement value and taking into account all relevant factors, present and potential.

As set forth in the accompanying declaration of Megan Ross Hutchins, counsel for the proposed class believes that the proposed class is comprised of

approximately 1100 persons, all of whom performed similar job duties and were subject to the identical overtime payment scheme, will easily meet the burdens of class and collective action certification, under Rule 23 and Section 216(b). In addition, the proposed settlement adequately addresses their rights, given the substantial disputes regarding both liability and damages.

### D.     PROPOSED SCHEDULE OF EVENTS

Murillo and PG&E agreed to the following procedures for obtaining preliminary Court approval of the Settlement, certifying a conditional Settlement Class, notifying Class Members, obtaining final Court approval of the Settlement and distributing the settlement funds in accordance with the terms of the Settlement Agreement.

Murillo has begun this process by filing the instant motion. The Court scheduled the Preliminary Settlement Hearing for February 16, 2010 at 2:00 p.m. In conjunction with this hearing, Murillo's Attorneys hereby submit the Settlement Agreement, which sets forth the terms of this Settlement, the proposed Order Granting Preliminary Approval of the Class Action Settlement and Attorneys Fees, the proposed Order Re Final Approval of Class Action Settlement and Dismissal with Prejudice, and proposed forms of all notices and other documents as attached hereto that are necessary to implement the Settlement.

Murillo will request that the Court enter the Preliminary Approval Order preliminarily approving the proposed Settlement, certifying the Class and the Settlement Period for settlement purposes only and setting a date for a Final Settlement Hearing to determine final approval of the Settlement. The Preliminary Approval Order provides for notice of the Settlement and related matters to be sent to Plaintiffs as specified herein.

Provided that the Court grants preliminary approval at or after the February 16, 2010 hearing (Preliminary Approval Order), a Notice of Pendency of Class Action and Proposed Settlement shall be provided to Class Members, and Class Members shall submit

MOTION FOR PRELIMINARY CERTIFICATION OF A CONDITIONAL SETTLEMENT CLASS

a Consent to Join / Opt-in Form, Opt-out Form, and/or objections to the Settlement, using the following procedures (hereinafter, "Class Notice Plan" or "Notice Plan"):

| **DEADLINE** | **ACTIVITY** |
|---|---|
| Within 21 days after the Court grants conditional approval of the parties' settlement | Defendant shall send the Initial Mailing—including the Class Notice, Consent to Join / Opt-in Form and Opt-out Form—to each individual in the Class. The Notice will be mailed via first class mail. |
| Within 23 days after Initial Mailing. | Defendant shall determine whether any Notice is returned as Undeliverable. If so, Defendant shall perform two methods of skip-tracing (a search of the NCOA database, and a search through Experian) to locate the most accurate address of the intended recipient. |
| | If the Initial Mailing is not returned as Undeliverable within 23 days of the Initial Mailing, it shall be presumed that the intended addressee has received the Initial Mailing. |
| Within 33 days after Initial Mailing. | Defendant shall initiate the Second Mailing to all potential Class Members for whom the Initial Mailing was returned as Undeliverable. |
| | Responses from potential Class Members who have (actually or constructively) received the Initial Mailing must be post-marked no later than this date. |
| Within 33 days after Second Mailing. | Responses from potential Class Members who are sent the Second Mailing must be post-marked no later than this date. |
| | All responses from potential Class Members post-marked after this date will not be accepted. |
| Within 66 days of initial mailing of the Class Notice | Deadline for filing Notices of Objection with the clerk of the Court (copies of the objections must be served on counsel for the parties). The date of filing shall be the exclusive date used for determining whether an objection has been timely filed. |

MOTION FOR PRELIMINARY CERTIFICATION OF A CONDITIONAL SETTLEMENT CLASS

| DEADLINE | ACTIVITY |
|---|---|
| Within 15 days after the Effective Date | Defendant to provide, without discount, a maximum of $150,000, as the sum of Class Counsel's attorneys' fees and costs and an Enhancement Award to Plaintiff Manuel Murillo. |
| Within 30 days after the Effective Date | Defendant to mail or direct-deposit Settlement Payments to Class Members. |

### E.  CLASS MEMBERS' PARTICIPATION OPTIONS

#### 1.  Object to Settlement

The Class Notice provides for the method by which potential Class Members may object to the Settlement. Class Members who wish to object to the Settlement must file with the Court and serve on counsel for Plaintiff and Defendants a written statement objecting to the Settlement ("Notice of Objection"). A Notice of Objection must be filed with the Court and served on counsel for the Parties no later than sixty-six (66) days after the Initial Mailing of the Class Notice. (This deadline is referred to herein as the "Objection Deadline Date.") No putative Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through counsel) or to object to the Settlement, and no written objections or briefs submitted by putative Class Members shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the putative Class Member's intention to appear at the Final Approval Hearing, and copies of any written objections or briefs, have been filed timely with the court and served on counsel for the Parties on or before the Objection Deadline Date. Putative Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

MOTION FOR PRELIMINARY CERTIFICATION OF A CONDITIONAL SETTLEMENT CLASS

### 2.     Submit Consent To Join / Opt-In Form

Class members who complete the Consent to Join / Opt-in Form, will receive the payment to which the parties have agreed to under the Settlement. With respect to the period from August 18, 2006 to December 31, 2009, inclusive, these class members will be barred from asserting (i) claims arising under or relating to the federal Fair Labor Standards Act ("FLSA") and its regulations, (ii) claims arising under California Labor Code Sections 201, 203, 204, 226(a), 226.3, 226.7, 510, 512, and 1194; (iii) claims under Business and Professions Code Section 17200 *et seq.*; and (iv) claims under the Labor Code Private Attorneys General Act of 2004, Labor Code Sections 2698, et seq.. If a class member opts in by completing the Consent to Join / Opt-in Form, it will be of no legal consequence whether they do or do not complete the Opt-out Form.

### 3.     Submit Opt-Out Form

Class members who complete the Opt-out Form but *not* the Consent to Join / Opt-in Form, will not receive the payment to which the parties agreed to under the Settlement. With respect to the period from August 18, 2006 to December 31, 2009, they will not be barred from asserting (i) claims arising under or relating to the federal Fair Labor Standards Act ("FLSA") and its regulations; (ii) claims arising under California Labor Code Sections 201, 203, 204, 226(a), 226.3, 226.7, 510, 512, and 1194; (iii) claims under Business and Professions Code Section 17200 *et seq.*; and (iv) claims under the Labor Code Private Attorneys General Act of 2004, Labor Code Sections 2698, et seq.

### 4.     Submit Neither Form

Class members who do nothing, i.e., do not return either form, will not receive the payment to which the parties agreed under the Settlement. With respect to the period from August 18, 2006 to December 31, 2009, they will not be barred from asserting claims arising under or relating to the federal Fair Labor Standards Act ("FLSA") and its regulations. However, they will be barred from asserting (i) claims arising under California

Labor Code Sections 201, 203, 204, 226(a), 226.3, 226.7, 510, 512, and 1194; (ii) claims under Business and Professions Code Section 17200 *et seq.*; and (iii) claims under the Labor Code Private Attorneys General Act of 2004, Labor Code Sections 2698, et seq.

Upon expiration of the Objection Deadline, Plaintiffs shall file a memorandum of points and authorities in support of the Settlement and with the Court's permission, a Final Approval Hearing shall be conducted to determine final approval of the Settlement. Upon final approval of the Settlement by the Court at or after the Final Approval Hearing, the Parties shall present a Judgment and Order Re Final Approval of Class Action Settlement and Dismissal with Prejudice ("Judgment") to the Court for its approval and entry. After entry of the Judgment, the Court shall have continuing jurisdiction over the Litigation solely for purposes of (i) enforcing this Settlement Agreement, (ii) addressing settlement administration matters, and (iii) addressing such post-Class Final Judgment matters as may be appropriate under court rules or applicable law.

## II. CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that this Court grant certification of a settlement class and preliminary approval of the Settlement.

DATED: January 20, 2010           LAW OFFICES OF MICHAEL L. TRACY

By: _____/S/_____
MEGAN ROSS HUTCHINS, Attorney for
Plaintiff MANUEL MURILLO

Firmwide:93719068.2 048517.1019

MOTION FOR PRELIMINARY CERTIFICATION OF A CONDITIONAL SETTLEMENT CLASS